No. 25679

**Barbara Sollitt v. District Court, In and For the County of Routt, State of Colorado, and Honorable Don Lorenz, Judge of said Court, and Worth F. Shrimpton, District Attorney, Fourteenth Judicial District of Colorado**

(502 P.2d 1108)

Decided November 13, 1972.

Myers & Woodford, Frederick J. Myers, for petitioner.

Worth F. Shrimpton, District Attorney, Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This case is unique in that it is one of thirteen actions pending before the respondent district court involving the same evidentiary question. We therefore deem the case to be of such public concern that this court's original jurisdiction should be exercised.

The petitioner, Barbara Sollitt, was arrested on certain narcotics charges in Steamboat Springs, Colorado. She filed a motion for a change of venue pursuant to Crim. P. 21(a)(1) which provides that:

"When any defendant whose case is pending in a court of record fears that he will not receive a fair and impartial trial in that court because the inhabitants of that county are prejudiced against him, the court upon his motion may award a change of venue to some other court of competent jurisdiction in some other convenient county to which there is no valid objection. Whether such change shall be granted is a question of fact to be determined by the court in its discretion."

Affidavits in support of the motion were filed pursuant to Crim. P. 21(c)(1) and the People filed affidavits in opposition to the motion.

The respondent court held a hearing on the petitioner's motion. At this hearing, the petitioner attempted to introduce into evidence the results of a public opinion survey in order to show the existence of prejudice against the petitioner throughout Routt County (the place of petitioner's trial). In order to establish the necessary foundation for

introduction of the results of the survey into evidence, the petitioner sought to present the testimony of two witnesses: one, who designed the survey questionnaires and who evaluated the responses; and the other, who conducted the survey and recorded the responses.

The respondent court refused to admit such testimony on the ground that only residents of Routt County would be permitted to testify at the hearing. Neither witness is a resident of Routt County. At the conclusion of the hearing, the court took the motion for a change of venue under advisement and indicated that he would rule on the motion following *voir dire* examination of the jurors. At petitioner's request, we issued a rule to show cause why the respondent district court should not hear the testimony of the two witnesses prior to its ultimate ruling on the motion for a change of venue.

■ It is the position of the respondents that because the court was not required to receive testimony in support of the petitioner's motion for change of venue, it could not have erred or abused its discretion by refusing to admit any particular evidence or testimony at the hearing. Although the decision to receive testimony was discretionary (*see,* Crim. P. 21(a)(1), Crim. P. 57(b) and C.R.C.P. 43 (e)), once the court decided to receive testimony it was incumbent upon it to follow the applicable rules.

■ A portion of Crim. P. 21(c)(1) provides that a motion for a change of venue shall be supported by the "affidavits of at least two reputable citizens of the county not related to the defendant." It would seem that the court interpreted this portion of the rule to mean that only testimony of residents of the county could be admitted at a hearing on the motion. Crim. P. 21(c)(1) refers only to affidavits and does not specifically forbid testimony from non-residents. We believe that the rule is properly interpreted to mean that, although affidavits from at least two residents of the county should be submitted in support of a motion to change venue, affidavits from non-residents may also be submitted. Similarly, if a hearing is held on the motion,

testimony which is otherwise admissible may be presented by non-residents of the county.

■ A motion for change of venue is one means whereby an accused may be assured a fair and impartial trial. To this end, the procedural rules relating to applications for a change of venue should be liberally construed. If we were to interpret Crim. P. 21(c)(1) as prohibiting non-residents from submitting affidavits or testifying in relation to a motion to change venue, the use of public opinion surveys to measure prejudice within a county would be severely restricted. In this regard, we note that the *American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Fair Trial and Free Press* (1966) suggests, in § 3.2, that qualified public opinion surveys as well as other materials having probative value should be admissible on a motion for change of venue. The commentary accompanying § 3.2(b) states:

"[A] number of commentators have urged their [public opinion surveys] use as furnishing a more scientific basis for a determination of commuity sentiment — and for comparison with sentiment in other communities in the jurisdiction — than any other available device. The Committee believes that increased reliance on this technique is in the public interest and that, provided that the survey is properly conducted, there should be no obstacle to its consideration by trial and appellate courts." (Footnote omitted.)

Our opinion here of course is limited to the issue as to the admissibility of testimony of non-residents in a hearing on a motion for change of venue. Any question as to the admissibility of the results of a particular public opinion survey or the weight to be given to such a survey, if admitted, is of course to be determined by the trial court.

The petitioner also asked that we require the respondent court to rule on the motion for a change of venue immediately after all testimony pertaining to the motion has been received rather than after *voir dire* examination of the jurors. Since we did not include this issue in our rule to show cause, we do not pass on it here.

Rule to show cause is made absolute.
MR. JUSTICE ERICKSON concurs in the result.